THE UNITED STATES EXPRESS CO. v. ELLYSON, Assessor, *et al.*

1. Constitutional law: TAXATION OF EXPRESS AND TELEGRAPH COMPANIES. Chapter 180, Laws of the Tenth General Assembly, providing for the taxation of express and telegraph companies, is not in conflict with article 8, section 2 of our State Constitution, which declares that " the property of all corporations for pecuniary profit shall be subject to taxation *the same as that of individuals,*" as, by the terms of the act, the property made subject to taxation, is made liable to the same tax, whether it belongs to a body corporate, to a company, or individuals.

2. —— LOCAL AND SPECIAL LAWS. Nor is said act in conflict with article 3, section 30 of the Constitution, as being either a local or special law within the meaning of the constitutional inhibition ; nor with article 1, section 6, of the bill of rights, as not being a law of uniform operation, or one granting the same priviliges or imposing the same burdens equally to and upon all citizens.

3. —— The act in question is, in effect, but an amendment to our general revenue law, and simply prescribes the method whereby the

amount of taxable personal estate, or moneys and credits of express and telegraph companies, shall be ascertained.

4. —— Special laws defined, and their character examined by COLE, J.

5. —— DOUBLE TAXATION. Neither is said act open to the objection that it provides for double taxation. But it *seems*, that if it did thus provide, it would not necessarily, under our Constitution, be thereby rendered invalid, though it would be deemed so unjust as to excite the disfavor of courts.

6. —— COMMERCE BETWEEN THE STATES: TAXATION. Nor is said act invalid, on the ground that, as express companies are engaged in and are a means of foreign and interstate commerce, it infringes on the right of congress under the federal Constitution (art. 1, § 8) to regulate commerce with foreign nations and among the several States.

7. —— while a business constituting commerce between the several States cannot itself be taxed or interfered with by State authority, the property of the citizen invested therein may be.

8. —— TAX ON INCOMES. The act in question is not objectionable upon the ground that it imposes a tax not upon property but upon incomes, and to which express and telegraph companies are subjected, and from which other corporations and individuals are exempted. The law imposes a tax on property, and simply prescribes the method of ascertaining and assessing it.

*Appeal from General Term Fifth District (Polk County).*

SATURDAY, DECEMBER 31.

ACTION in equity to enjoin the defendant, Dan. Ellyson, assessor for the city of Des Moines, from requiring the agent of the plaintiff, at Des Moines, to give a sworn statement of the gross receipts of his agency, etc., and to enjoin the defendants, their agents, servants, etc., from taking any steps for the taxing of plaintiff's property, under chapter 180 of the laws of the Twelfth General Assembly.

That act is claimed to be unconstitutional. It is as follows: "An act in relation to revenue and taxing the property of express companies and telegraph companies.

" SECTION 1. *Be it enacted by the General Assembly of the State of Iowa,* That the property of all express companies, and all telegraph companies, operating and doing business within this State, shall be included in the valuation of the personal property of such company or body corporate in the assessment of taxes in the township, incorporated town or city where such company or corporation shall have an office for the transaction of its business. And said property shall be assessed at the same rate as other personal property in the hands of individuals of this State.

" SEC. 2. In each township, incorporated town, or city in this State, where any such express company or telegraph company shall have an office or agency for the transaction of its business, it shall be the duty of the agent, clerk, or person having the charge or care of such office or agency, annually on the tenth day of January, or as soon thereafter as may be, but not later than the first of February, to furnish to the assessor of such township, incorporated town, or city, a sworn statement of the gross receipts of said office or agency, accruing from the business and earnings of such company for the year ending on the first day of January next preceding ; said statement to be sworn to by the officer or agent having charge of such office, and, upon receiving such statement, the assessor shall deduct, for the expenses of said office or business, sixty per cent from the amount so stated, as the gross receipts, and return the remaining amount as the personal property of such company to be assessed at the same rate as the personal property of private individuals in this state."

SEC. 3. Provides, that if the agent fails to make the statement, the assessor may ascertain, as near as he can, the amount of gross receipts, and prohibits the agent so

failing, or his company, from questioning the correctness of the amount returned by the assessor.

SEC. 4. Makes the taxes levied upon said property due and payable in the same manner as on property of individuals; directs the agent to pay the same out of any money coming to his hands, belonging to such company; and in case of his failure to do so, or of his failure to make the statement provided for in section two, renders him liable to a penalty of fifty dollars, to be recovered by civil action before a justice of the peace.

SEC. 5. Makes the taxes delinquent on the first day of February, and the property of the company liable to distress and sale for the payment thereof in the same manner as the property of private individuals.

SEC. 6. Provides, that the real and personal property owned by such companies shall be subject to State, county, etc., taxes, to the same extent according to value, as other real estate is taxed.

SEC. 7. Makes the law take effect by publication, as it did, April 29th, 1868.

The defendants demurred to the petition. The only question made in the case is, as to the constitutionality of the law. The District Court sustained the demurrer, holding the law to be constitutional and valid. The plaintiff appealed to the General Term, where the judgment of the District Court was affirmed, Mitchell, Circuit Judge, dissenting. The plaintiff has now appealed to this court.

*Withrow & Wright* and *J. D. Caton* for the appellant, cited, in the course of their argument: *Crow* v. *The State,* 14 Mo. 294; *Thomas* v. *The Board of Commissioners,* 5 Ind. 6; *Knowlton* v. *Supervisors of Rock Co.,* 9 Wis. 420; Cooley's Const. Limitations, 504; *Exchange*

*Bank* v. *Hines*, 3 Ohio St. 44; *Attorney General* v. *Winnebago Lake Co.*, 11 Wis. 40; *Bright* v. *McCullough*, 27 Ind. 223; *The State* v. *Merchants' Insurance Co.*, 12 An. (Louisiana), 803; *The People* v. *McCreery*, 34 Cal. 445; *Gibbons* v. *Ogden*, 9 Wheat. 589; *Brown* v. *The State*, 12 id. 588; *Crandall* v. *The State*, 6 Wall. 36; *Linisng* v. *Washburn*, 20 Cal. 504.

*C. C. Nourse*, with *H. O'Connor*, Attorney General, for the appellee.

(Brief not found on file.)

COLE, J. — I. The petition alleges that the plaintiff is an incorporated company, under the law of New York.

1. CONSTITU-TIONAL LAW: taxation of express and telegraph companies.

And the first point made by appellant's counsel is, that the act under consideration is in conflict with article 8, section 2, of our State Constitution, which provides that "the property of all corporations, for pecuniary profit, shall be subject to taxation, *the same as that of individuals*."

It is a sufficient answer to this point to state, that, by the very terms of the act, the property made subject to taxation by it is made liable to the same tax, whether it belongs to a body corporate, or is the property of individuals, or a company. The law makes the property liable to taxation in the same manner, and to the same extent, when held by individuals, as when held by a body corporate, and it cannot, therefore, be vulnerable to the charge of being in conflict with article 8, section 2, of our Constitution. But if the act did prescribe a rule for the taxation of the property of corporations, different from that prescribed for the taxation of the same class of property, when owned by individuals, we see no escape from the conclusion that it would be in conflict with the clause of

the Constitution relied upon and quoted above, and hence inoperative and void.

II. It is further claimed by appellant's counsel, that the act in question is in conflict with article 3, section 30, of our State Constitution. That section is as fol-

2. —— local and special laws.

lows: "The general assembly shall not pass local or special laws in the following cases:

"For the assessment and collection of taxes for State, county, or road purposes. * * * In all cases above enumerated, and in all other cases in which a general law can be made applicable, all laws shall be general and of uniform operation throughout the State." And in connection with this clause, the appellant also quotes and relies upon (as giving point thereto), article 1, section 6, being embraced in the bill of rights, which declares as follows: "All laws of a general nature shall be of a uniform operation; the General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which upon the same terms shall not equally belong to all citizens."

The first inquiry which naturally arises in connection with this point, as made by appellant's counsel, is this: Is the act in question *a local or special law*, within the meaning of the Constitution? If it is not, then, of course, it cannot be in conflict with this clause of the Constitution. That it is not a local law, is too clear to admit of controversy or doubt. *Town of McGregor* v. *Baylies*, 19 Iowa, 43. Is it a special law? A special act is one which only operates upon particular persons and private concerns. 1 Black. Com. 86; 1 Kent Com. 459. But this act operates upon all corporations or companies engaged in telegraph or express business within this State, and concerns the public. It cannot, therefore, be a special statute; but it is a general statute. Nor is it at variance with the clause quoted from the bill of rights, since it is

of uniform operation, and grants the same privileges (or imposes the same burdens) equally, to and upon all citizens.

The act in question is, in effect, an amendment to our general revenue law. It simply prescribes the method whereby the amount of the taxable personal estate, or moneys and credits, of express and telegraph companies shall be ascertained. Our general revenue law prescribes how depreciated bank notes and the stock of corporations and companies shall be assessed, to wit: at their cash value; and how credits and annuities shall be listed, to wit: at their worth in money according to the owner's belief. Rev. § 721. And, also, that in listing moneys and credits the owner may deduct his liabilities personally and as surety. § 722. That merchants, instead of listing for taxation their stock or property on hand on the first day of January, as farmers and others must do (§ 719), shall list the average value of their property during the preceding year. § 723. That manufactures shall also be assessed for only average value during the year, of their raw material. § 724. That an agent having under his control moneys, notes, credits or personal property of another, shall list them at their real value, and be personally liable for the tax. § 725. And by section 16 of chapter 173 of Laws of 1862, railroad companies are taxed one per cent upon their gross receipts. And by the law under consideration, express and telegraph companies and corporations are directed to be assessed upon forty per cent of their gross receipts " *as their personal property* " and this amount is made subject to taxation, the same as the personal property, or moneys and credits of private individuals.

Now, it would seem to necessarily follow, that if the act in question is a special law, for the reason that it prescribes a fixed and specific rule for the assessment of the

property of express and telegraph companies, then section 723 of the Revision which prescribes a fixed and specific rule for the assessment of the property of merchants, and section 724, which prescribes another fixed and specific rule for the assessment of the property of manufacturers, must also be held to be special laws, and, consequently, within the prohibition of the clause of our State Constitution relied upon by appellant's counsel, and quoted above. But these sections are not, and have never been claimed to be, in any sense whatever, special laws. Neither is this act a special law. It has, by its regular enactment become an amendment to a part of our general revenue law ; and is no more a special law than any other amendment to any other general law upon our statute book is a special law.

It must be borne in mind that we have not in this State, as they have in Wisconsin, a constitutional provision declaring that "the rule of taxation shall be uniform." Nor, as in Ohio, declaring "that laws shall be passed taxing, by uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise; also all real and personal property according to its true value in money," etc. Nor, as in Louisiana and California, that " taxation shall be equal and uniform throughout the State ;" and hence, the decisions of the courts of those States, in respect to the constitutionality of certain taxing laws therein respectively, have no necessary bearing upon the question before us. And though we recognize the distinguished ability of those courts, and concede the correctness of their conclusions, yet they are not rules of decision applicable here, since they rest upon entirely different constitutional provisions.

III. Another point made is, that the act under consideration subjects the plaintiff to double taxation. This,

5. —— double taxation. if true, would not necessarily, under our Constiution, make the law invalid, though it would be so unjust as naturally to excite the disfavor of both courts and legislators. *Tallman* v. *Butler County*, 12 Iowa 534, and cases cited. But in our view the act is not, in point of fact, vulnerable to this objection. At all events, double taxation under it would not necessarily and inevitably result. It must be borne in mind that this action was brought to enjoin any assessment or steps under the law, and not for relief from its demonstrated injustice or hardship. If the plaintiff had made the statement and showing contemplated by the law, and then could have shown that the taxation of its property was double, quite a different case would thereby have been presented for our consideration.

IV. But, finally, the act is assailed as invalid, on the ground that the plaintiff is engaged in, and is a means of, 6. —— commerce between the States: taxation foreign and interstate commerce, and the regulation thereof is, by the federal Constitution, article 1, section 8, confided to congress; and that the act in controversy provides for taxing commerce, and is therefore void.

That express and telegraph companies are engaged in, and are most important and essential instrumentalities in the carrying on, of interstate and foreign commerce, cannot, we think, be controverted. Nor, in our opinion, is it competent for the States, by taxation direct or indirect, to interfere with or embarrass that commerce, the regulation of which, by the federal Constitution, has been wisely intrusted to the national congress. But it has never been held, we believe, that the property of the citizens of the State is to be free from taxation, simply because it is employed in some of the numerous avenues or employments of commerce. The taxation of property employed in commerce is one thing; and the taxation of

commerce itself is quite another. The State may law-fully tax the horses and wagon used by the owner in hauling articles of commerce for the express company from the depot to its warehouse or office. And so it may tax the money or property invested in the articles of commerce thus hauled. But the State may not tax the owner of the team for the privilege of, or for the reason that he is, employing it in the business of commerce. Nor may the State tax the money or property invested in the articles of commerce, for the reason or on account of the fact that it is profitably invested in the business of commerce between the States. In other words, the State may rightfully tax all property within its limits, regardless of the business in which it may be employed ; but it cannot tax that business, when it is " commerce with foreign nations, among the several States, or with the Indian tribes."

A careful reading of the law in controversy must discover to every candid mind, that it simply subjects the property of express and telegraph companies to taxation, and prescribes a rule (arbitrary, or even unreasonable it may be) whereby the amount of that property shall be ascertained, to wit: forty per cent of the gross receipts within the particular taxing district, from its business during the preceding year.

We have given to the case our careful and deliberate consideration, and have examined *inter alia* the authorites cited by counsel.

Subsequent to the submission of this cause at the term, the learned and distinguished associate counsel filed an 8. —— taxes on additional printed argument, in which he incomes. makes the point that the law in question does not impose a tax on property at all, but is purely and strictly a tax on income, to which express and telegraph companies are subjected, and from which other cor-

porations and individuals are exempted.    But in our view of the law, as above expressed, it only imposes a tax upon property, and prescribes the means of ascertaining the amount of it,— the method of assessing it.    Thus construing the law, it is not necessary for us further to attempt an answer to the argument; for we might con= cede its soundness upon the premises assumed, and yet not be led to the conclusion it invites.    The judgment of the District Court must be

Affirmed.