THE DUNLIETH & DUBUQUE BRIDGE CO. v. THE CITY OF DUBUQUE.

32  427
97  297
32  427
†109 591
32  427
123 595

1. **Taxation:** PROPERTY OF RAILROADS: MUNICIPAL CORPORATION: ACT OF 1868. The property of railroad companies is not exempt from taxation by cities, under chapter 196, acts of the twelfth General Assembly, providing for a tax of one per centum on the gross earnings of all railroads " in lieu of all taxes." Said act is confined in its operation to State and county taxes. COLE, J., dissenting.

2. —— The property of railroads is subject to taxation; and it is accordingly *held*, that a municipal corporation, authorized by its charter to levy and collect taxes upon " all taxable property within its limits," may levy and collect a tax upon property belonging to railroads the same as other property.

*Appeal from Dubuque District ·Court.*

WEDNESDAY, OCTOBER 18.

ACTION to declare illegal and void a certain tax levied upon the property of plaintiff by the municipal authorities of defendant, and to enjoin its collection. By the judgment of the district court, the portion of the tax levied upon certain lots in the city was declared illegal and its collection restrained. The petition, as to the tax upon the bridge, was dismissed. Plaintiff appeals.

*Crane & Rood* for the appellant.

*E. McOeney* for the appellee.·

BECK, J. — The only question presented for our decision in this case relates to the authority of the city of Dubuque **1. TAXATION: property of railroads: municipal corporation.** to levy and collect taxes upon the bridge of plaintiff, situated within the limits of the city. No question is presented to us as to the tax levied upon other property, the collection of which

is restrained by the decree of the district court. No appeal having been taken by defendant, the correctness of the decision of the court below upon that branch of the case is not discussed or questioned in this appeal.

The facts disclosed by the record, so far as they are involved in the question before us, are as follows: The plaintiff erected and now owns a railroad bridge across the Mississippi river at Dubuque, a part of which is within the corporate limits of the city. It is used for running thereon railroad cars and locomotives, and is not and cannot be used for any other purpose. The city, for one year, 1869, levied a tax upon the bridge in the sum of $1,490, and is now threatening to enforce the collection thereof. The plaintiff has been assessed with and paid, the tax imposed by chapter 196 of the acts of the twelfth General Assembly, for the year 1869, being one per centum upon the gross receipts of its bridge. The city of Dubuque is empowered by its charter "to collect taxes to defray the current expenditures and pay the debts of the city," and "to provide for the assessment of all taxable property in said city, with reference to taxation for city purposes."

It is not denied by defendant's counsel that the bridge of plaintiff is to be regarded as a railroad, and the plaintiff as a railroad corporation. The case is discussed in the view that it involves the taxation of railroads and railroad property. We will so regard it without inquiry as to the correctness of such a position. In this view plaintiff contends "that the property in question is subject to taxation in the manner, and to the extent prescribed by section 1 of chapter 196 of the laws of 1868, and in no other way." It is thus claimed that the payment of one per centum upon the gross receipts of plaintiff from the bridge, under that statute, is in lieu of all taxes, including municipal taxes. The statute relied upon by plaintiffs, as exempting its property from city taxation, prescribes that one per centum of the gross earnings of all railroads shall be assessed

and collected by the proper State officers, the proceeds of which shall be paid iuto the State treasury, one-half of which shall be equally apportioned to the several counties, through which the roads respectively run, in proportion to the number of miles of road in each county. The statute contains the following provision: "The tax herein provided for shall be in lieu of all taxes for any and all purposes on the road-bed, track, rolling stock, and necessary buildings for operating the road."

I. Following the order pursued by plaintiff's counsel in the discussion of the case, we will first notice their position, that the power of the city to levy taxes upon the property in question is taken away by the clause of the statute above quoted. The other question in the case, which involves the objection raised by plaintiff, that there has been no legislation authorizing the city to levy and collect taxes upon the property of railroads, which properly should be first considered, will be hereafter discussed.

The object of the statute above referred to is to provide for the taxation of railroads for State and county purposes. This is apparent from a consideration of the statute itself. The revenue raised by the taxes authorized is to be paid into the treasury of the State, and one half of it then paid to the counties. Its object is not to exempt the property of railroads from taxation, but to provide for the manner of its taxation.

No provision is made upon the subject of municipal taxation of this kind of property and there is no express words prohibiting it. To regulate or prohibit the taxation of the property of railroads by cities, is not the object of the statute. The rules of construction will not permit us to apply the law to an object not within its scope. We therefore conclude that it cannot be extended to operate as a prohibition of the taxation of the property of railroads by the cities of the State.

The language of the limitation in the statute, that the

taxes therein authorized "shall be in lieu of all taxes for any and all purposes," while broad and general, must be confined to the object of the statute which, as we have seen, is the regulation of taxation for State and county purposes. The State and counties levy taxes for many purposes. Separate levies of different rates are made, to be paid into distinct funds, which are expended for different objects. The tax authorized in this case is intended to be in lieu of the taxes authorized for these purposes. This is the evident meaning of the language of the law in question.

II. The other question to be considered is this: Has the legislature bestowed upon the city of Dubuque the power to tax the property of railroads? By its charter it is authorized to levy and collect taxes upon "all taxable property" within its limits. The depots, tracks, real estate, etc., etc., of railroad corporations are property. Section 711 of the Revision prescribes what property shall be exempt from taxation. The property of railroads is not included therein. Section 712 declares that all other property, real and personal, within the State, not exempt by section 711, is subject to taxation. It thus clearly appears that the property of railroads is "*taxable property.*" But section 712 also explicitly declares that all property of incorporated companies is subject to taxation, and the constitution, article 8, section 2, declares that "the property of all corporations for pecuniary profit shall be subject to taxation, the same as that of individuals." With these additional statutory and constitutional declarations, it seems to us that there can be no doubt upon the question. The property of railroads being taxable, the city of Dubuque, under the express power to assess all taxable property, is lawfully empowered to levy taxes thereon.

Chapter 196 of the acts of the twelfth General Assembly, as to the provision above quoted, limiting the tax to be

*Margin note:* 2.— corporation, municipal.

levied upon railroads to one per centum of their gross earnings, and, in truth, in all its parts whereon the questions here considered rest, is identical with section 16, chapter 173 of the acts of the ninth General Assembly, which was discussed in *The City of Davenport* v. *The M. & M. R. R Co.*, 16 Iowa, 348. The views above stated accord with those of DILLON and WRIGHT, JJ., expressed in that case. Upon a careful consideration of the case, we are satisfied that their conclusions are based upon sound reason.

Still another thought, in our opinion, strongly supports our conclusions. The cities of the State through which railroads pass, or in which they terminate, have imposed upon them the burden of providing for the protection of railroad property. Expenditures of money are necessary, in the exercise of their police jurisdiction, to insure the protection thus imposed as a duty upon these municipalities. It is not at all reasonable that the legislature intended to take from the cities all power to raise revenue from this very property, the protection of which is duly charged upon them, and to require that the expenses incident to the discharge of this duty should be paid in the way of taxes by the holders of other property. Such unjust legislation, discriminating in favor of one class to the oppression of another, could never have been intended by the legislature.

The constitutional question as to the power of the legislature to prescribe a special rate and manner of taxation for the property of railroad corporations, as is done by chapter 196 of the acts of the twelfth General Assembly, is not presented for our determination in this case. It has not therefore been considered by us.

In our opinion the decision of the district court upon the questions presented in this case is correct; its judgment is therefore.

Affirmed.

COLE, J., dissenting. The result reached by the foregoing opinion is by no means objectionable to me, if it could be attained consistent with any recognized or known rule for the construction of statutes, or if this court was possessed of the power of making, instead of declaring, the law.

The single question is as to the proper construction of this provision : " The tax herein provided for shall be in lieu of all taxes for any and all purposes, on the road-bed, track, rolling-stock and necessary buildings for operating the road." The legislature has twice enacted this same provision, and once since this court refused to change its meaning, as it is now sought to be changed, and has said that the tax of one per cent, as prescribed by the act, "shall be in lieu of *all taxes for any and all purposes.*" The foregoing opinion says not so, but it shall only be in lieu of *all taxes for State and county purposes.* If the legislature had so intended, it could easily and directly have so said. But it has not, and I know of no rule of construction, nor does the foregoing opinion claim that there is or refer to any, which will authorize such a change of the language from its plain meaning. The act was not for the purpose, nor is it so entitled, to raise revenue for State and county purposes ; but it was a tax in lieu of all taxes for any and all purposes. The bare fact that the tax, when collected and paid into the State treasury, is apportioned one-half to the counties where the roads are situated, does not in my opinion authorize any such change of the language of the statute as is made by the foregoing opinion. See in full, *The City of Davenport* v. *The M. & M. R. R. Co.*, 16 Iowa, 348.

If the tax is to be, as the legislature has said it shall be, in lieu of all taxes for any and all purposes, then, of course, it becomes unnecessary to discuss the other question. I think the judgment should be reversed ; but the majority say it shall be

Affirmed.