THE IOWA RAILROAD LAND CO. AND THE S. C. & P. R. CO.
v. WOODBURY COUNTY ET AL.

1. **Taxes:** CURATIVE ACT: JUDGMENTS. A special tax of four mills on the dollar, levied by the Board of Supervisors for the payment of outstanding judgments against the county, was *held* to have been legalized by the act of March 18, 1874. Following *The Iowa Railroad Land Co. v. Soper et al.*, 112 *ante*.

2. ———: ———: PENALTIES. Penalties should not be computed upon these judgment taxes prior to April 1, 1874. (*The Iowa Railroad Land Co. v. Sac County et al.*, 124 *ante*.)

3. ———: MUST BE LEVIED BY BOARD OF SUPERVISORS. Where the question of levying, for the year 1871, and from year to year thereafter, in addition to the tax allowed by law, a special tax for four mills on the dollar, " for the purpose of redeeming outstanding county warrants and for ordinary county revenue," was submitted by the Board of Supervisors to the electors of a county and carried in the affirmative, but the tax was never in fact levied by the Board under the authority thus delegated: *Held*, that the tax was invalid, and the Auditor was not authorized to place it upon the tax books.

4. **Constitutional law**: TAXATION: RAILROADS. The property of a railroad company, situated within the limits of a city, is not released from liability to municipal taxation by section 9, of chapter 26, Laws of 1872, the same being in conflict with section 2, Article 8 of the Constitution. (*The City of Davenport v. The C. R. I & P. R. Co.*, 38 Iowa, 633; *The City of Dubuque v. The I. C. R. Co.*, 56, *ante*.) COLE, J., *dissenting*.

*Appeal from the Woodbury District Court.*

TUESDAY, JUNE 30.

The plaintiffs state in their petition that they are each duly organized corporations under the laws of Iowa; that Woodbury county is a civil corporation and that Charles Kent is the treasurer of said county; that each of the plaintiffs are respectively owners of large quantities of land in said county, described in schedules annexed to the said petition; that on the 4th day of September, 1871, the Board of Supervisors of said county levied the following taxes upon the taxable property of the county, and caused the same to be entered upon the tax books of the county against the lands of the plaintiffs, to-wit:

For state revenue, two mills on a dollar; for ordinary county revenue, four mills on a dollar, and a poll tax of fifty cents; for the support of schools, two mills on a dollar; for making and repairing bridges, three mills on a dollar; for court house fund, two and a half mills on a dollar; for bond interest and sinking fund, three mills on a dollar; for county judgment fund, two mills on a dollar; for payment of jury fees, one mill on a dollar; for Insane Hospital fund, one-half mill on a dollar; that there was also a county tax of four mills on a dollar in addition to the county taxes above mentioned, placed on the tax books of the county and charged against the lands of the plaintiffs, without any order or vote of the Board of Supervisors levying the same or directing the same to be so entered.

Plaintiffs allege that they have duly paid upon all of their lands, the state taxes; ordinary county taxes, of four mills on a dollar; county school tax, two mills on a dollar; bridge tax, three mills on a dollar; bond interest and sinking fund tax,

three mills on a dollar; and Insane Hospital tax, one-half mill on a dollar, and that these are all the lawful taxes chargeable against their property for the year 1871.

It is further averred, in substance, that upon the depot grounds, road-bed, right of way, etc., of the Sioux City & Pacific Railroad Company in Sioux City, in said county, there are charged on the tax lists large sums as state, county, school, city, and other taxes, and have so been since 1868, from all of which it is claimed the railroad company is exempt under the provisions of Chap. 106 of the Laws of 1870.

The petition prays an injunction to restrain the collection of the alleged illegal taxes. An order for the issuance of the writ was made by the judge of the District Court in vacation, and the same was accordingly issued.

Upon the hearing of the cause a decree was rendered dissolving the injunction and dismissing the petition as to the county judgment tax, and sustaining it as to all the other alleged illegal taxes. Both parties appeal.

The further facts necessary to an understanding of the points ruled will be found in the opinion.

*N. M. Hubbard* and *Isaac Cook*, for plaintiffs.

*C. H. Lewis*, District Attorney, and *Pendleton & Baily*, for defendants.

MILLER, CH. J.—I. The plaintiffs appeal from the decree of the District Court dismissing their petition as to the county 1. TAXES: cu- judgment taxes alleged to be illegal. Whatever rative act: judgments. illegalities there were as to these taxes, they were cured by the act of March 18, 1874. See *The Iowa Railroad Land Company v. Soper et al.*, 112, *ante.* So that, although the decree of the District Court may not have been correct at the time, it is now warranted by that enactment. No penalties, however, will be computed upon these judg-2 ——: ——. ment taxes prior to April 1st, 1874. See *The penalties.* *Iowa Railroad Land Company v. Sac County*, 124, *ante.*

II. The District Court held that the special tax of four

mills on the dollar " for the purpose of redeeming outstanding warrants and for *ordinary county revenue,*" which was placed on the tax books for 1871, was illegal, and so decreed; from this decree defendants appeal.

The record shows that the Board of Supervisors, at their session in September, 1871, after levying the State tax of two mills on the dollar, a tax of four mills on the dollar and a poll tax of fifty cents for ordinary county revenue, and eight other specific taxes, also passed the following resolutions:

"*Resolved,* That the County Auditor be and is hereby instructed to enter in the tax list for A. D. 1871 the foregoing levies in the said county and townships respectively, and such other levies as may be certified to him by proper authority, including non-resident and unpaid road taxes, and attached to the said list a warrant under his hand and official seal of the Board of Supervisors of Woodbury County, Iowa, requiring the treasurer of said county to collect the taxes therein levied according to law.

*Resolved,* That the question of whether an additional tax of four mills on the dollar of the assessed value of the taxable property of the county of Woodbury, above the highest rate provided by law, shall be levied for the year 1871, and from year to year thereafter, for the purpose of redeeming outstanding county warrants, *and for ordinary county revenue,* until such additional tax shall no longer be needed for the purposes aforesaid, shall be submitted to a vote of the people of said county at the next general election, and that ballots to cast at said election, on said question submitted, shall be as follows:

Those in favor of levying said tax shall be in the following form:

"For the four mill tax."

Those against the levying of said tax shall be in the following form:

"Against the four mill tax."

And that the Auditor be and is hereby authorized to do all that it may be necessary for submitting the said question.

The yeas and nays, called on the foregoing resolution, resulted as follows:

Yeas—Wm. P. Holman, John Goewey, James S. Horton. Nays—None."

At the October session of the board, held on the 16th day of October, 1871, the votes cast upon the above proposition were canvassed by the board, and the proposition was declared to have been carried in the affirmative. The record shows no other or further action of the board in respect to the levying of this special tax.

It is insisted by plaintiffs that this proposed tax was illegally placed on the tax lists because the Board of Supervisors never *3. ——: must be levied by the board of supervisors.* ordered the same to be so done, or in any manner levied the tax. Section 250 of the Revision provided that when the warrants of a county are depreciated in value, the Board of Supervisors of said county may submit to the people of the county the question whether a tax of a higher rate than that provided by law shall be levied. Section 251 provides the manner of submitting the question to a vote of the people. Section 255 provides that the Board of Supervisors, upon being satisfied that the requirements of the law have been complied with, and that a majority of votes have been cast in favor of the proposition, shall cause the proposition and the result of the vote to be recorded in the proper book and notice thereof published, etc.; and from the time of entering the result of the vote * * * " the vote and the entry thereof on the county records shall have the force and effect of an act of the General Assembly."

If it be conceded that the statute in all of these respects has been complied with, and that this mode of legislation is not constitutionally objectionable, the Board of Supervisors became invested, by the proceedings, with the power to levy the additional taxes for and during the time thus authorized to the same extent as if such power had been conferred by an act of the General Assembly. This is the import of the statute. Without this affirmative vote of the people upon the question, duly submitted, the board could not lawfully levy the tax in question; with such vote duly had and recorded the

power is conferred. It is one thing, however, to confer the power on the board, and altogether another and different thing to act under and in pursuance of such power. The granting of the power is of no effect unless it be executed. The people may give the authority, by their vote, to levy this special tax, but the Board of Supervisors alone can execute the power by levying the tax. The vote of the people did not have the effect to levy the tax in accordance with the proposition submitted, but, like an act of the General Assembly, such vote only gave to the board authority to make the levy, and since there is no evidence whatever tending to show that the Board of Supervisors acted under this authority *by levying the tax* in any form, it should not have been carried upon the tax lists, and did not become a charge upon the plaintiffs' lands.

The only action taken by the Board of Supervisors in respect to this tax was, first the order made at the September session, 1871, ordering a submission of the proposition to a vote of the electors at the next general election; second, the order made at the October session next after the election, declaring the proposition to have been carried in the affirmative. It was never ordered to be certified to the auditor as a tax levied by the board, nor did the board or its clerk ever certify to the auditor that the proposition submitted to the people had in fact been adopted by them. There was an utter failure on the part of the board to levy the tax. This act was essential to the validity of the tax. There having been no levy of the tax by the board, there was no valid tax for the purpose mentioned in the submission.

It is unnecessary for us to notice the further objections urged against the validity of this tax, the one already noticed being fatal.

III. Under the case of the *Dunleith & Dubuque Bridge Co. v. The City of Dubuque*, 32 Iowa, 427, the property of the Sioux City & Pacific Railroad Company, one of the plaintiffs herein, described in the petition and situated within the corporate limits of Sioux City, was subject to taxation for city purposes, but it was not

4. CONSTITU-TIONAL LAW: taxation; railroads.

so taxable for State, county, and school purposes, otherwise than through the gross earnings of the road; COLE, J., then and now dissenting. And under the decisions in *The City of Dubuque v. The Ill. Cent. R. Co.*, 56 *ante*, and *The City of Davenport v. The Chicago, R. I. & P. R. Co.*, 38 Iowa, 633, COLE, J., dissenting, the city taxes charged against this plaintiff's property within the city limits were not released under the ninth section of chapter 26, of the Laws of 1872; it being there held that the provisions of that section are of no force and validity, for the reason that they are in conflict with section 2, of article 8, of the Constitution. As to the city taxes upon the property of this plaintiff within the city limits the injunction should have been dissolved.

We have disposed of all the questions which counsel have presented in argument. With respect to the taxes enjoined by the judgment of the District Court, to which our attention has not been called by counsel in argument, we express no opinion.

The judgment will be affirmed on the plaintiff's appeal, and reversed on the defendant's appeal as to the city taxes levied on the property of The Sioux City & Pacific Railroad Company. In all other respects the judgment will be affirmed. The costs, both of this and the court below, will be paid in equal portions by plaintiffs and defendants.

Judgment may be rendered in this court if either party so elect, otherwise the cause will be remanded for a decree in the District Court, not inconsistent with this opinion.

AFFIRMED.