HAWKEYE INSURANCE Co., Appellant, v. F. A. FRENCH, an assessor of the City of Des Moines, and other cases

**Tax on Gross Earnings:** CONSTITUTIONAL LAW. *Insurance companies.* Code 1897, Section 1333, which imposes a tax of one per cent. on the gross earnings of insurance companies within the state and which exempts them from the payment of all other taxes, state or local, except taxes on real estate and special assessment, is, so f r as such exemptio i is concerned, in conflict with the constitution, article eight, section two, which subjects the property of all corporations for pecuniary profit to taxation, the same as that of individuals.

*Appeal from Polk District Court.*—HON. S. F. PROUTY, Judge.

THURSDAY, OCTOBER 26, 1899.

SUITS in equity to enjoin defendant, who is an assessor for the city of Des Moines, from listing and assessing the property and capital stock of plaintiffs, who are corporations organized under the laws of this state for the purpose of

doing the business of fire insurance. The trial court denied the relief asked, and plaintiffs appeal.—*Affirmed.*

*J. B. Johnson, Read & Read, J. S. Clark, J. A. Dyer,* and *McVey & McVey* for appellants.

*Thomas A. Cheshire and J. E. Mershon* for appellee.

*Milton Remley,* attorney general, for the state.

DEEMER, J.—Section 1333 of the Code of 1897, in so far as it is material to this controversy, reads as follows: "Every other insurance company or association doing business in this state, not including those otherwise taxed under the provisions of this section, and not including county mutuals and fraternal beneficiary associations, shall at the time of making the annual statements as required by law, pay into the state treasury as taxes one per cent. of the gross amount received by it on assessments, fees, dues, or premiums for business done in this state, including all insurance upon property situated in this state and upon the lives of persons resident in this state during the preceding year, after deducting amounts actually paid for losses and the amount of premiums returned. At the time of paying said taxes, said companies and associations shall take duplicate receipts therefor, one of which shall be filed with the auditor of state, and upon filing of said receipt, and not till then, the auditor shall issue the annual certificate as provided by law, and the taxes provided in this section shall be in full for all taxes, state and local, against such corporations or associations, except taxes on real estate and special assessments. No reduction or exemption from the taxes herein provided shall be allowed for or on account of any indebtedness owing by any such insurance company or association." Appellants paid into the state treasury the taxes provided for by this act. Section 1323 of the same Code provide that: "The shares of stock in corporations

organized under the laws of this state, except those which are not organized for pecuniary profit, and except corporations otherwise provided for in this act, shall be assessed to the owners thereof, at the place where its principal business is transacted, the assessment to be on the value of such shares on the first day of January in each year; but in arriving at the total value of the stock of such corporations the amount of their capital actually invested in real estate and owned by them, either in this state or elsewhere, shall be deducted from the real values of such shares, and such real estate shall be assessed as other real estate, and the property of such corporation, except real estate situated within the state shall not be otherwise assessed." At the time of the commencement of these suits the defendant, who is an assessor for the city of Des Moines, was about to list the shares of stock in the plaintiff companies under the provisions of this act, and the action was brought to restrain, him from so doing.

Plaintiffs' contention is that, having paid the taxes required of them by section 1333, before quoted, they are relieved from all other taxes, state and local, except taxes on real estate and special assessments; while defendant contends that that part of said section which relieves them from the payment of state and local taxes is contrary to the provisions of section 2, Art. 8, of the constitution, which is in these words: "The property of all corporations for pecuniary profit shall be subject to taxation the same as that of individuals." But for the clause contained in section 1333, relieving insurance companies organized in this state, that have paid the tax therein provided, from the payment of state and local taxes, there would be no question of the right and duty of the defendant to list their shares of stock as required by section 1323 of the Code; and the sole question for solution is, is that provision valid? We may also assume that, but for the clause we have quoted from the constitution, the legislature would have the

right to provide for a tax upon the gross receipts of companies engaged in the insurance business, and relieve them from the payment of any other tax. Reduced to its last analysis, the question is a narrow one, and must find its solution in the construction of the constitutional provision relied upon by appellee. That provision not only requires that the property of corporations be taxed, but that it be subject to taxation the same as that of individuals. This does not mean, of course, that the methods should be identical, but that the property of corporations organized for pecuniary profit should assume the same burdens as are placed upon the property of individuals, and that the taxes should be for the same purposes and objects. It will not do to say that the constitutional provision is a mere grant of power to the legislature to impose taxes on corporate property. That power would exist in the absence of any constitutional grant. Indeed, it is fundamental that a state constitution is not a grant of power, but a limitation upon the powers of government. Generally speaking, a state may do whatever is not prohibited by its constitution. *Morrison v. Springer,* 15 Iowa, 342; *Stewart v. Board,* 30 Iowa, 18. The language quoted then, was a command or direction to the legislature in the execution of a power inherent in it in virtue of sovereignty; and that was that taxes levied on the property of corporations shall be the same as those imposed upon the property of individuals. In other words, corporations shall bear the same burdens of taxation as individuals, and the objects and purposes of the tax shall be the same whether levied upon the property of an individual or of a corporation. The evident object of the constitutional requirement was to secure uniformity, and impose equal burdens upon the owners of all property which was under the protecting wing of the state, and it was but giving emphasis to that other provision of our fundamental law forbidding the general assembly from granting to any citizen or class of citizens special privileges or immun-

ities.   As said by Beck, J., in *City of Dubuque v. Illinois Cent. R. Co.,* 39 Iowa, 56: "The end sought and attained thereby is the equal and uniform taxation of the property of all the taxpayers of the state." We frankly admit that no system of taxation has yet been devised which secures exact equality or uniformity.   All attempts in this direction have been but approximations.   Yet this is no reason for departing from the plain language of the constitution, which aimed at the destruction of favoritism and class legislation.      The validity of the tax on gross receipts of the corporation is not before us.   Such tax may be levied, and a tax also imposed on the property of the corporation. We have held that the legislature has power under the constitution to impose a tax on the property of a bridge company, and also to impose a tax on the shares of corporation stock as the property of the stockholders.   *Cook v. City of Burlington,* 59 Iowa, 251.   But, as already said, we have no occasion to determine the validity of such a tax. It is the provision of the act relieving companies that have paid a tax on gross income from all other state and local taxes that is in issue.   Under our law the individual pays taxes for state purposes, for county purposes, for city or municipal purposes, and for the support of schools.   If section 1333 is valid in all its provisions, insurance companies are not required to contribute anything to the county, the city, or the school district.   These burdens are removed from their shoulders, although they may have large interests which require protection at the hands of the county and the city.      They contribute to the state fund alone, and no part of their contribution ever reaches the smaller subdivisions of government. The objects of the tax so imposed are not the same as induce the collection from individuals, and the burdens are not equally distributed.   This is so plain that no amount of argument or exposition will add anything to the statement.   Property of corporations is not subject to taxation the same as individuals when the individual is compelled

to pay taxes on his property to the county, the city, and the school district, and the corporation is not. Again, it is manifest that the personal property of corporations engaged in the business of insurance is exempt from taxation for all purposes whatever if appellants' contention is correct.

Section 1333 provides for a tax on the gross receipts of such companies, without reference to the amount of their capital stock, their surplus, or their investments. No account whatever is made of their holdings. If the business of the year should not prove profitable, because of losses and premiums returned, no tax would be required of them under section 1333, notwithstanding the fact that they may have had large amounts of personal property, which, in the hands of an individual, would be subject to taxation. Surely their property is not subject to taxation "the same as that of individuals" if the only tax they are required to pay is that imposed by this section. It may well be doubted whether a tax on premiums is a tax on property in any proper sense. See *City of Dubuque v. Northwestern Life Ins. Co.,* 29 Iowa, 9; *City of Burlington v. Putnam Ins. Co.,* 31 Iowa, 102. But, however this may be, it is manifest that the personal property of the corporation accumulated from year to year is not subject to taxation under the provision relied upon by appellants. The legislature did not have the power to exempt this property from taxation, and its act in so doing is clearly unconstitutional and void. Neither had it the power to absolve these companies from the payment of county, city, and school taxes. That being true, it was the duty of the assessor to list the stock of these corporations under the provisions of section 1323 of the Code.

We are not to be understood as questioning the right of the legislature to adopt different methods for ascertaining values, adapted to the various peculiarities of the property, or its right to fix the *situs* of property, both real and personal, although, in the exercise of such rights, inequal-

ities must, of necessity, result. But that is quite a different proposition from relieving property from all taxation, or from certain kinds of tax. The existing method of levying and collecting taxes from railroad companies was sustained on the theory that such property was assessed at the same rates, and for the same purposes, as the property of individuals within the taxing districts. *City* of *Dubuque v. Chicago, D. & M. R. Co.,* 47 Iowa, 196. The act we are now considering absolutely absolves insurance companies from the payment of taxes on personal property, and frees them from taxation for road, school, city, and county purposes, and for this reason is repugnant to the constitution. Our conclusions find support in *Dunleith & D. B. Co. v. City of Dubuque,* 32 Iowa, 427; *City of Davenport v. Chicago, R. I. & P. R. Co.,* 38 Iowa, 633; *City of Dubuque v. Illinois Cent. R. Co.,* 39 Iowa, 56. *Tallman v. Treasurer,* 12 Iowa, 534, and *Faxton v. McCosh,* 12 Iowa, 527, relied on by the attorney general, are not in point for the reason that the constitutional question was neither raised nor decided. *Express Co. v. Ellyson,* 28 Iowa, 370, simply holds that the legislature may prescribe the method or manner of assessment, and that because different methods are applied to different classes of property, or property held by different classes of owners, is no reason for declaring the taxes levied invalid. In that case the method of taxation was sustained because the property made subject to the tax was liable to taxation the same as that held by individuals. The trial court was right in dismissing plaintiff's petition, and its judgment is AFFIRMED.