A. W. LAYMAN, County Treasurer of Polk County, Iowa, Appellant, v. THE IOWA TELEPHONE COMPANY, Appellee.

123  591
f125  152
123  591
131  609

**Taxation of Telephone Companies; EXEMPTION FROM LOCAL TAXA-**
**TION: CONSTITUTIONALITY OF STATUTE.** Section 1328, *et seq.,*
1    Code 1897 in so far as they exempt telephone companies from local taxation are unconstitutional and void, and the provisions thereof are so closely allied that the entire scheme of taxation provided thereby is invalid and affords no basis for taxation, either state or local.

**Taxation of Corporate Personalty.** The Code of 1897, Section 1323,
2    required the assessment of corporate stock at the place where the company's principal business was transacted, and its personal property situated elsewhere could not be assessed there as omitted property under Code section 1374, such other county having no jurisdiction thereof.

Void Assessment:    COLLATERAL ATTACK.    Objection to the assessment of omitted property which is void for want of jurisdiction is not waived by failure to appeal, but the assessment may be collaterally attacked.

Assessment of Corporate Property:    LEGISLATIVE POWER.    It is competent for the legislature to provide a method for ascertaining the value of corporate property and to fix the place of assessment.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

WEDNESDAY, APRIL 13, 1904.·

ACTION at law to recover taxes on property omitted from taxation and not assessed for the year 1898. The defendant interposed certain defenses, which will be referred to in the body of the opinion. On the issues joined the case was tried to the court, resulting in a judgment dismissing plaintiff's petition, and he appeals.—*Affirmed.*

*Baily & Stipp* for appellant.

*E. E. Cook* and *N. T. Guernsey* for appellee.

DEEMER, C. J.—The case was tried on what amounts to a stipulation of facts. From this and the pleadings we extract the following, as necessary to a correct decision of the matters presented in argument: The defendant is a corporation for pecuniary profit, organized under the laws of this state, with its principal place of business at Davenport, in Scott County. In the year 1898 it had telephone lines and exchanges in Polk county of the taxable value of $40,000, upon which it was not taxed by the local authorities. It did make its report, however, to the executive council of the state, and was assessed by that body upon all its property in the state, and paid the tax levied by it to the treasurer of the state, as provided by sections 1330 and 1331 of the Code of 1897. Thereafter the plaintiff, as county treasurer, gave defendant notice, as provided by section 1374 of the Code, as amended by chapter 50, page 33, Acts 28th General Assembly, of his intention to assess its property in Polk County,

Iowa, for the year 1898, as omitted property. Defendant appeared in response to this notice, and claimed that the property was exempt from local taxation because it had paid the state tax thereon. The treasurer held this claim insufficient, and on October 17, 1902, listed and assessed the property at $40,000, and demanded the payment of $610 as taxes thereon. This action was brought to recover the tax so levied and assessed, under section 1374 of the Code. No appeal was taken by the defendant from the action of the county treasurer. Plaintiff's averment in his petition that the property was subject to taxation in Polk county, Iowa, for the year 1898, was denied by the defendant in its answer. Defendant also pleaded and proved that its property was assessed by the executive council for the year 1898, and that it had paid to the State Treasurer the taxes levied pursuant to said assessment, as provided in sections 1328 *et seq.* of the Code of 1897.

The first point made in argument is that sections 1328 *et seq.* of the Code, relating to the assessment of telegraph and telephone companies, in so far as it exempts such companies from local taxation, is unconstitutional and void; that, being void, the county treasurer had authority to tax the specific property for local purposes, as property omitted from taxation; and that, in any event, as the defendant did not see fit to appeal from the assessment made by the plaintiff as treasurer, it cannot complain for the reason that the remedy by appeal is exclusive. Appellee says, in argument, that the property was in no event subject to local assessment in Polk county; that the only assessment which could be made in the event sections 1328 *et seq.* are found to be void was upon its shares of stock, as provided in section 1323 of the Code; and that this should have been made at its principal place of business. It also contends that sections 1328 *et seq.* are constitutional, and that, having paid the tax levied thereunder, it is not subject to farther taxation. It is also contended, as

1. EXEMPTION from local taxation; constitutionality of statutes.

we understand it, that, if sections 1328 *et seq.* of the Code
are found invalid, then there can be no assessment for taxa-
tion for any purpose.

As the case turns primarily on the effect to be given sec-
tions 1328 *et seq.* of the Code, we must first look to the
provisions thereof, in order to determine their validity. Sec-
tion 1328 requires every telephone company operating a line
in this state to furnish the State Auditor a statement with
reference to its property, capital stock, etc. Section 1329
provides a penalty for failure to make this statement, or any
other required by the executive council. Section 1330, be-
fore its amendment by chapter 42, page 24, Acts 28th General
Assembly, provided that the executive council should in July
of each year find the actual cash value of all property of such
companies doing business in this state, and after finding this
value, should deduct therefrom the actual cash value of the
property belonging to such companies, assessed for taxation
in local taxing districts, and assess the property of such com-
panies at its taxable value, as thus found. Section 1331 pro-
vided that the council should at said meeting determine the
rate of tax to be levied upon the valuation so fixed, which
should be equal as nearly as might be, to the average rate of
taxes—state, county, municipal, and local—levied through-
out the state during the previous year; ·the said tax to be in
full of all taxes, except on real estate, and special assessments
to become due and payable to the State Treasurer on the 1st
day of February following the levy, and to be collectible by
distress and sale in like manner as by county treasurers.

The issue between those who believe in the segregation of
sources of tax income, and those who believe in a strong, cen-
tralized system, while not, perhaps, appreciated by those who
have given the matter little thought, is sharply drawn; and
the Legislature has veered from one side to the other, accord-
ing to the views of its constituent members, until the matter
was finally set at rest for this state in *Hawkeye Ins. Co. v.
French,* 109 Iowa, 585. That case announced no new doc-
trine, however, for prior thereto the whole matter had been

gone over and decisions of like import had been made, in *Davenport v. C., R. I. & P. R. R. Co.,* 38 Iowa, 633, and *Dunlieth & Dubuque Bridge Co. v. Dubuque,* 32 Iowa, 427. These decisions had evidently been overlooked, however, by many subsequent Legislatures, and the matter was not pressed for hearing until a case arose which seemed to deprive a municipality of considerable of its local revenues. In the *French Case,* as in the ones preceding it, the principle of segregation is distinctly affirmed; and, in view of article 8, section 2, of the Constitution, it was squarely held that corporations should be subject to taxation the same as individuals—that is to say the objects and purposes must be the same, whether the property be that of individuals or corporations. Such result is not obtained when the corporation is taxed for state purposes only, while the individual is taxed not only for state, but also for local, purposes. Following these cases, we must hold that that part of the law exempting telephone companies from local taxation is invalid, unless it be for a reason suggested by appellee's counsel, to which we shall presently refer.

If these statutes, in so far as they relieve telephone companies from the payment of local taxes, are unconstitutional, it follows, we think, that the entire scheme is invalid, for it is manifest that this provision was one of the inducements for the passage of the act, and that there can be no taxation thereunder for any purpose—state or local. This is not a case where part of the statute may be held invalid, and another part good. The two provisions are so closely associated and allied—so materially dependent—that one cannot be severed from the other without destroying the entire scheme. *Pollock v. Farmers' Loan & Trust Co.,* 157 U. S. 429 (15 Sup. Ct. Rep. 673, 39 L. Ed. 759); *Pollock v. Farmers' Loan & Trust Co.,* 158 U. S. 601 (15 Sup. Ct. Rep. 912, 39 L. Ed. 1108); *State v. Land Co.,* 71 Minn., 288 (73 N. W. Rep. 970); *State v. Poynter,* 59 Neb. 417 (81 N. W. Rep. 431); *Barron v. Burnside,* 121 U. S. 186 (7 Sup. Ct. Rep. 931, 30 L. Ed. 915.)

This being true, if the law is found unconstitutional in part it cannot be used as the basis for local assessment. But it is argued that as the rate of taxation is fixed at the average of state, county, municipal, and local levied throughout the state during the previous year, the taxes paid pursuant to the assessment were in effect local, and that the various assessment districts in which the appellee's property was located suffered no harm from the payment of the entire tax to the state. The argument is specious, rather than sound. The taxes so paid do not find their way into the local assessment districts, save by indirection; and, even if they did, the income therefrom is not the equivalent of local taxes assessed in the particular district, nor is the property taxed the same as that of individuals in these particular districts. Nearly all the valuable property of these telephone companies is found in the cities. The rate of taxation in these municipalities is usually very high, while in the country districts it is comparatively low. Under the scheme outlined by the law we are now considering, the municipal rate is brought down by a system of general average, on account of the low rate in the country districts, so that the property of telephone companies in cities is assessed at a much lower rate than property of individuals or other corporations. This provision as to the rate of taxation does not, therefore, meet the constitutional objection to the statute.

As the defendant company was not relieved from the payment of taxes, the same as individuals, by reason of having paid the state tax, under sections 1328 *et seq.* of the Code, 2. TAXATION OF the next question is, should its poles, wires, exchanges, etc., have been assessed by the county treasurer of Polk county as property omitted from taxation, under section 1374 of the Code, as amended, or should it have been assessed in Scott county, under section 1323 of the Code? Section 1374 of the Code, as amended, provides, in substance, that when property subject to taxation is omitted, or from any other cause is not listed and assessed, the county treasurer shall, when apprised thereof, demand of the corpor-

ation to whom it should have been assessed the amount the property should have been taxed in each year the same was so withheld, together with interest, and, upon failure to pay such sum, he shall cause an action to be brought in the name of the treasurer for the use of the proper county. But before listing the property, he (the treasurer) shall give the person in whose name it is proposed to assess the same ten days' notice thereof by registered letter addressed to the usual place of residence of such person, fixing the time and place where objection to such proposed listing and assessment may be made. It is also provided that an appeal may be taken to the district court from the final action of the treasurer. Section 1323 of the Code provides, in substance, that the shares of stock of any corporation organized under the laws of this state, except those which are not organized for pecuniary profit, and except corporations otherwise provided for, shall be assessed to the owners thereof at the place where its principal business is transacted, the assessment to be on the value of such shares on the 1st day of January in each year; and, in arriving at the total value of the shares of stock, the amount of capital invested in real estate owned by them, either in this state or elsewhere, shall be deducted from the real value of such shares, and such real estate shall be assessed as other real estate, and the property of such corporation, except real estate situated within the state, shall not be otherwise assessed. The section also provides the method whereby the value of the stock may be ascertained. No attack is made by either party upon these sections of the Code, and plaintiff practically admits that the property upon which he seeks to collect the tax is personal in character.

It is argued that those parts of sections 1328 *et seq.* which are valid may be considered, and that a scheme is therein provided whereby the defendant may be compelled to pay taxes to Polk county on the valuation fixed by the executive council, and at the rate of levy in Des Moines or in Polk county. We have, as we think, demonstrated the unsoundness of this contention. The sections relied upon are

wholly invalid for any purpose; hence the defendant was not otherwise assessed under the proviso contained in section 1323 of the Code. If this be not true, then it was otherwise assessed, and its property has not been omitted or withheld from taxation. Taking this horn of the dilemma, the county treasurer had no authority to make an assessment under section 1374 of the Code. But as we find the entire scheme for taxing telephone companies under the provisions of the Code of 1897 was and is unconstitutional, there was no legal method for the taxing of the defendant corporation or its property, save that found in section 1323 of the Code, unless it be found in section 1374 as amended, or in the general statutes with reference to the taxation of personal property. Section 1323 provides as to how and where corporations may be taxed. That is to say, save as to real estate, they are to be taxed on their shares of stock, and the property of such corporations, save as to real estate situated in this state, shall not be otherwise assessed. These shares of stock are also to be assessed to the owners thereof at the principal place of business of the corporation. The defendant is a corporation organized under the laws of this state for pecuniary profit, with its principal place of business at Davenport, in Scott county; hence its shares of stock should have been assessed in that county to the owners thereof. We shall assume, for the purposes of the case, that the defendant's personal property was omitted or withheld from taxation, and that the treasurer of the proper county might have proceeded to list, assess, and collect the taxes thereon under section 1374, as amended. But before a county treasurer may act under this latter section, it must appear that the property withheld was subject to taxation, and that the assessment is made by the treasurer of the proper county. To ascertain what is taxable, we must go to the statutes with reference to that subject. Section 1374 does not attempt to define what is taxable property. This is provided for in other sections, and as to corporations is found in section 1323 of the Code. Turning to that, we find that, as to corporations, it is the shares of stock

and not the tangible personal property. Moreover, the same section provides that the assessment of these shares of stock shall be at the principal place of business of the corporation. So that it is apparent that the defendant's personal property was in no event taxable, and that its shares of stock were not taxable in Polk county. Plaintiff has failed to establish the material allegations of his petition that the defendant's property was subject to taxation in Polk county for the year 1898, and, in consequence, must fail in his action. This exact point was practically decided in *Hawkeye Ins. Co. v. French, supra.*

To meet this situation, appellant's counsel contend that defendant raised no issue as to the jurisdiction of the county treasurer, and that in any event, as defendant did not appeal from the assessment made by the county treas-

3. VOID assessment: collateral attack.

urer, as provided in section 1374 of the Code, as amended, it cannot now be heard to question either the validity of the tax or the jurisdiction of the county treasurer. Reference has already been made to the fact that plaintiff pleaded in his petition that the property was subject to taxation in Polk county for the year 1898, and that this was denied by the defendant in its answer. We also find that defendant pleaded facts in its answer which showed that its personal property was not subject to taxation in Polk county. That is to say, it alleged that it was a corporation organized under the laws of this state, and that the property sought to be assessed was poles, wires, switch-boards, and other personal property. It also appeared in evidence that its principal place of business was in Scott county. This being true, the property was not subject to taxation in Polk county. As it was not subject to taxation there, defendant was not required to appeal from the action of the county treasurer to the district court. The assessment was void for want of jurisdiction, and may be collaterally attacked. *Macklot v. City of Davenport,* 17 Iowa, 379; *Ft. Dodge v. Ft. Dodge,* 115 Iowa, 568; *Barber v. Farr,* 54 Iowa, 57, and cases cited. The assessment in the instant case was made

without authority of law, and upon property which was not subject to taxation in Polk county, or elsewhere, for that matter. It was therefore void, and there was no occasion to appeal to the district court. This in itself is a sufficient answer to nearly every proposition made by appellant's counsel.

If sections 1328 *et seq.* of the Code are constitutional, of course, plaintiff cannot recover. If unconstitutional, then there was no method provided for taxing defendant corpor-

4. ASSUMPTION of corporate property: legislative power. ation otherwise than as provided in section 1323, which must surely apply to the defendant. If taxable under that section, then the assessment is to be upon shares of stock and not on personal property, and these shares should have been assessed in Scott county. That it is competent for the Legislature to adopt different methods for ascertaining the value of personal property, and to fix the situs of such property, is well settled. *Hawkeye Ins. Co. v. French, supra.* Therefore it may provide for the taxation of corporations as provided in section 1323 of the Code, and fix the place for the assessment. See, also, *Express Co. v. Ellyson,* 28 Iowa, 370.

We may suggest, in closing, that the Legislature has changed sections 1328 *et seq.* so as to meet the constitutional difficulties pointed out in this opinion. That change was not made in such a way as to affect the decision in this case, and we call attention to the matter so that there may be no question in the future about what was in fact decided in this case.

The judgment of the district court seems to be correct, and it is AFFIRMED.