# NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Respondent, *v.* LEWIS AND CLARKE COUNTY, Respondent.

## (No. 1,921.)

(Submitted June 15, 1903. . Decided July 15, 1903.)

*Taxation—Insurance Companies—Construction of Act—Constitutionality.*

1.  Section 681 of the Civil Code applies to a foreign mutual life insurance company.
2.  Section 681 of the Civil Code applies to domestic, as well as foreign, insurance companies, and therefore complies with Section 11, Article XII, of the State Constitution, which provides that taxes shall be "uniform upon the same class of subjects."
3.  The legislature has the right to prescribe reasonable terms upon which foreign corporations may do business in the state.
4.  Section 681 of the Civil Code, applying, as it does, only to business transacted within the state, is not objectionable as interfering with interstate commerce.
5.  The franchise right of a foreign company to do business in this state is property, and if it proves valuable, it is a proper subject for taxation within the meaning of Article XII of the State Constitution.
6   Section 681 of the Civil Code was not repealed by implication by Act March 4, 1897 (Session Laws 1897, p. 76), which is a general license law relating to insurance companies, both domestic and foreign, and applying to all classes and kinds of insurance; the fee therein provided for being required to be paid prior to the transaction of any business, and being a fixed sum, varying in amount only at the will of the company as to the amount of premiums it asks permission to collect, and not being diminished by reason of losses paid or expenses incurred.
7.  Section 681 of the Civil Code declares that "each and every insurance corporation or company transacting business in this state must be taxed upon the excess of premiums received over losses and ordinary expenses incurred within the state during the year." It further provides that "insurance companies and corporations are subject to no other taxation under the laws of this state, except taxes on real estate and fees imposed by law. *Held,* that the clause last quoted was unconstitutional, but that the invalidity of this clause did not render unconstitutional nor void the remainder of the section.
8.  When the valid and invalid portions of a legislative enactment are capable of being separated, and the valid part is a complete Act, and not dependent upon that which is void, the latter alone will be rejected, and the rest sustained, if it is manifest that the void part was not an inducement to the legislature to pass the part which is valid.
9.  Courts will not declare an Act of the legislature unconstitutional unless it is clear, beyond a reasonable doubt, that such Act is inhibited by the constitution.

Mr. Justice Milburn dissenting in part.

*Appeal from District Court, Lewis and Clarke County; J. M. Clements, Judge.*

Action by the Northwestern Mutual Life Insurance Company against the county of Lewis and Clarke. Judgment for plaintiff. Defendant appeals. Modified.

*Mr. James Donovan, Attorney General,* for Appellant.

It is conceded that the last sentence of Section 681 is unconstitutional, as the conflict of said provision with Section 7, Art. XII, of the Constitution is apparent; but the contention is made that the remainder of said section is separable from the invalid portion, complete in itself, and not affected thereby, and is a subsisting and enforceable enactment without reference to the part which is inoperative and void.

The tax imposed in Section 681 may be considered as a tax upon the privilege accorded corporations of the character mentioned therein—whether domestic or foreign—to do business, in this state; as such it may be said to be a tax upon business, or a franchise tax, considering such privilege as a franchise. (*Southern Building & Loan Association* v. *Norman,* 98 Ky. 294; Cooley on Taxation, 2d Ed., page 386.)

Under our constitution and statutes a franchise is property (Const. Art. XII, Sec. 17; Political Code, Sec. 3680, Subd. 1), and it was incumbent upon the legislature to tax these premiums at the same rate as other property under Section 1, Article XII, Constitution, requiring a "uniform rate of assessment and taxation." Taxes upon the franchises of companies or corporations have been uniformly upheld. (*People* v. *Equitable Trust Co.,* 96 N. Y. 387; *People* v. *Home Ins. Co.,* 92 N. Y. 328; *Scottish Union & Nat'l Ins. Co.* v. *Herriott* (Iowa), 80 N. W. 665; *Kittanning Coal Co.* v. *Comm.,* 79 Pa. St. 100; *Germania Life Ins. Co.* v. *Comm.,* 85 Pa. St. 513; *Ins. Co. of North America* v. *Comm.,* 87 Pa. St. 173; *Porter* v. *R. R. I. etc. R. Co.,* 76 Ill. 561; *Conn. Ins. Co.* v. *Comm.,* 133 Mass. 161; *Western Union Tel. Co.* v. *Board of Assessment,* 80 Ala.

273; *State* v. *Board of Assessment*, 47 La. Ann. 1498; *Mutual Ins. Co.* v. *Augusta*, 109 Ga. 73; 1 Desty on Taxation, 228, 372, 375.)

Treating the tax imposed by Section 681 as a property tax upon the funds represented by such net premiums, it is valid. (*U. S. Express Co.* v. *Ellyson*, 28 Iowa, 370; *Hawkeye Ins. Co.* v. *French* (Iowa), 80 N. W. 661; *City of Dubuque* v. *Chicago, D. & M. R. Co.*, 47 Iowa, 196; *Republic Ins. Co.* v. *Pollak*, 75 Ill. 300; *Pringhar State Bank* v. *Rerick* (Iowa), 64 N. W. 801; *Ames* v. *People*, 26 Colo. 83; *Boyd* v. *Wiggins*, 7 Okla. 85; *St. Louis, etc. Co.* v. *Worthen*, 7 L. R. A. 374; *In re H. B. 270* (Colo.), 21 Pac. 476.)

There is no merit in the contention that Section 681 is unconstitutional for the reason that it provides for the taxation of the "excess of premiums," whether the money collected is in or out of the state, on March 1 of each year. (*Delaware & H. Canal Co.* v. *Comm.* (Pa.), 1 L. R. A. 232; *Western Union Tel. Co.* v. *Comm.*, 110 Pa. St. 407; *St. Clair* v. *Cox*, 106 U. S. 350.)

The legislature may impose a license tax in addition to other taxes. (Constitution, Art. XII, Sec. 1; *State* v. *French*, 17 Mont. 54; *Scottish Union & Nat'l Ins. Co.* v. *Herriott* (Iowa), 80 N. W. 668; *Pembina Consol. S. M. & M. Co.* v. *Pennsylvania*, 125 U. S. 181; Cooley on Taxation (1st Ed.), pp. 385, 386; Cooley on Taxation (2d Ed.), pp. 571, 573, and cases cited in notes 1 and 2 on page 573; *People* v. *State Treasurer*, 31 Mich. 6; *People* v. *Thurber*, 13 Ill. 554.)

The last sentence of Section 681, though void, in no manner affects the validity of the remainder of the section. (*Ball* v. *Ridge Copper Co.*, 118 Mich. 7, 76 N. W. 130; *State* v. *Stuht*, 52 Neb. 209, 71 N. W. 941; *State* v. *F. & M. Co.*, 59 Neb. 1, 80 N. W. 52; *Scott* v. *Flowers* (Neb.), 85 N. W. 857; *In re Assessment, etc.* (S. D.), 54 N. W. 818; *People* v. *Creery*, 34 Cal. 451; *Dwyer* v. *Parker*, 115 Cal. 544; *People* v. *Whyler*, 41 Cal. 351; *Higgins* v. *Ricker*, 47 Texas, 405; *State* v. *Duluth*

*Gas & Water Co.,* 78 N. W. 1032; *City of Dubuque* v. *C. D. & M. R. Co.,* 47 Iowa, 216.)

The power of the judiciary to declare a statute unconstitutional should never be exerted except where the conflict between it and the constitution is palpable and incapable of reconciliation. (*Stockton, etc. Co.* v. *Stockton,* 41 Cal. 147.)

A reasonable doubt as to the constitutionality of a statute will be resolved in favor of its validity. (*University of California* v. *Bernard,* 57 Cal. 612; *Young* v. *Salt Lake City* (Utah), 67 Pac. 1066.

*Messrs. Toole & Bach,* and *Mr. M. S. Gunn,* for Respondent.

The concluding sentence of Section 681 clearly exempts the personal property of insurance companies and corporations from taxation in violation of the provisions of Sections 1 and 7 of Article XII of the Constitution of this state. (*Ins. Co.* v. *French,* 80 N. W. 660; *State* v. *Poynter,* 81 N. W. 431.)

The invalidity of the last sentence of said section has the effect of rendering the entire section invalid. (*State* v. *Poynter* (Neb.), 81 N. W. 431; Cooley on Const. Lim., 5th Ed., pp. 213, 214; *Pollock* v. *Farmers' L. & T. Co.,* 158 U. S. 601-635; *Warren* v. *Mayor,* 2 Gray, 84-89; *Jones* v. *Jones,* 104 N. Y. 235; *Wills* v. *Austin,* 53 Cal. 152-179; *Allen* v. *Louisiana,* 103 U. S. 84; Sutherland on Stat. Const., Secs. 176-180.)

Appellant's contention that the section under consideration provides for the taxation of a franchise within the meaning of the term as used in Section 17 of Article XII of the Constitution, and is therefore a property tax, is clearly erroneous. (*State* v. *French,* 17 Mont. 54; *State* v. *Minn. T. M. Co.,* 41 N. W. 1020; *Ex parte Cohn,* 13 Nev. 424; *Atlanta N. B. & L. A.* v. *Stewart,* 35 S. W. 73; *Scottish, etc. Ins. Co.* v. *Herriott,* 77 Am. St. Rep. 548; *Walker* v. *City of Springfield,* 94 Ill. 364; Thompson on Corporations, Sec. 5560; *Royall* v. *Virginia,* 116 U. S. 572; *License Tax Cases,* 5 Wall. 462-471; *People* v. *Martin,* 60 Cal. 153; *State* v. *Camp Sing,* 18 Mont. 128.)

Section 681 is unconstitutional for the reason that it provides for the taxation of the "excess of premiums" whether the money is in or out of the state on the first Monday of March, whereas there is no authority to tax any other personal property unless the same is within the state at 12 o'clock M. on that day.   (Political Code, Secs. 3700, 3701; *Board of County Commissioners* v. *Wilson* (Colo.), 24 Pac. 563; *Graham* v. *Board of County Com'rs,* 2 Pac. 549; Cooley on Taxation, 2d Ed., pp. 354-355; *Clark* v. *Norton,* 49 N. Y. 243; *Overing* v. *Foote,* 65 N. Y. 263; *People* v. *Kohl,* 40 Cal. 127; *St. Louis* v. *Ferry Co.,* 11 Wall 423; *People* v. *Equitable Trust Co.,* 96 N. Y. 387; *Maxwell* v. *People,* 59 N. E. 1101; *Pennsylvania* v. *Standard Oil Co.,* 101 Pa. St. 119; *Ferry Co.* v. *Pennsylvania,* 114 U. S. 196; Cooley on Taxation, 2d Ed., p. 352; *Railey* v. *Board of Assessors,* 11 So. 93; *Met. Life Ins. Co.* v. *Mayor, etc.,* 40 Atl. 573; *Village of Howell* v. *Gordon,* 86 N. W. 1042.).

MR. COMMISSIONER POORMAN prepared the opinion for the court.

This action was commenced in the district court on the 21st day of May, 1902, by the filing of an agreed case, and was instituted for the purpose of determining the validity of a tax claimed to be due from the plaintiff to the defendant "upon the excess of premiums received over losses and ordinary expenses incurred within the state" during the previous year.   The name of the plaintiff expresses the character of business transacted. Judgment was rendered for plaintiff, and from this judgment defendant appeals.

The agreed case complies with the provisions of Section 2050 *et seq.* of the Code of Civil Procedure, and the record shows that all steps have been taken and all proceedings had necessary to present for determination the questions involved in the error assigned.   The points of controversy upon which the decision of the supreme court is asked are as follows:   (1) Does Section

681 of the Civil Code of the state of Montana apply to foreign mutual life insurance companies?   (2) Is any authority given by said Section 681 to assess taxes against a foreign mutual life insurance company?   (3) Has said Section 681 been repealed, or is it still in force?   (4) Is said Section 681 constitutional?

Section 681 of the Civil Code reads as follows: "Each and exery insurance corporation or company transacting business in this state must be taxed upon the excess of premiums received over losses and ordinary expenses incurred within the state during the year previous to the year of listing in the county where the agent conducts the business, properly proportioned by the corporation or company at the same rate that all other personal property is taxed, and the agent shall render the list, and be personally liable for the tax; and if he refuse to render the list or to make affidavit that the same is correct, to the best of his knowledge and belief, the amount may be assessed according to the best knowledge and discretion of the assessor.   Insurance companies and corporations are subject to no other taxation under the laws of this state, except taxes on real estate and the fees imposed by law."

1.   Does this provision apply to foreign life insurance companies?   This section is a part of Chapter I, Title IV, Part IV, Division I, of the Civil Code, and is entitled "Stock and Mutual Insurance Corporations."   The agreed case contains the statement that the respondent was doing the business of a foreign mutual life insurance company.   Sections 650 to 668, both inclusive, of this chapter, provide for the formation and regulation of domestic mutual insurance companies.   Sections 669 to 680, inclusive, apply to foreign insurance companies and societies.   Section 681, as will be seen, applies to "each and every insurance corporation or company transacting business in this state."   The conclusion must be that it was the intention of the legislature to extend the provisions of this latter section to insurance companies doing business of the character specified in the agreed case.

2 and 3.   Section 1 of Article XII of the State Constitution reads: "The necessaray revenue for the support and maintenance of the state shall be provided by the legislative assembly, which shall levy a uniform rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation for taxation of all property, except that specially provided for in this article.   The legislative assembly may also impose a license tax, both upon persons and upon corporations doing business in the state."   Two schemes or systems of taxation are recognized by this section—a property tax and a license tax. Authority is also given by this section for the coexistence of both of these systems of taxation with reference to the same person or corporation.   The two systems are not mutually dependent.   Each is independent of the other, and the existence of one is not a bar to the imposition of the other.   Nor is it necessary that the license system should be employed only as a police supervision or regulation.   The constitution confers upon the legislature the authority to employ both systems of taxation in the exercise of its duty to provide "the necessary revenue for the support and maintenance of the state."   No limitation is placed upon the purposes for which the license system may be employed, and it may be resorted to for the purposes of revenue, or for the purposes of regulation, or for both of such purposes, in the discretion and wisdom of the legislative will.   (*State* v. *Camp Sing,* 18 Mont. 128, 44 Pac. 516, 32 L. R. A. 635, 56 Am. St. Rep. 551; *State ex rel. Sam Toi* v. *French,* 17 Mont. 54, 41 Pac. 1078, 30 L. R. A. 415.)   The justice of the license system of taxation for any other purposes than those of police supervision and regulation has many times been called in question, but this is a matter for legislative determination.

Section 7 of this Article of the Constitution provides that "all corporations in this state, or doing business therein, shall be subject to taxation   *   *   *   on real and personal property owned or used by them."   Section 11 of the same Article provides that taxes shall be "uniform upon the same class of

subjects." Section 17 of the same Article reads: "The word 'property' as used in this Article is hereby declared to include moneys, credits, bonds, stocks, franchises and all matters and things (real, personal and mixed) capable of private ownership, but this shall not be construed so as to authorize the taxation of the stocks of any company or corporation when the property of such company or corporation represented by such stocks is within the state and has been taxed." This latter section, in its definition of that which may be made subject to taxation, is sufficiently comprehensive to include all matters and things, visible and invisible, tangible and intangible, corporeal and incorporeal, capable of private ownership.

The provisions of the section of the statute under consideration apply indiscriminately to "each and every insurance corporation or company transacting business in this state." This includes domestic, as well as foreign, insurance companies. The law is therefore "uniform upon the same class of subjects." The legislature has the right to prescribe reasonable terms upon which foreign corporations may do business in this state. (*Paul v. Virginia,* 8 Wall. 168, 19 L. Ed. 357; *Southern B. & L. Association v. Norman,* 98 Ky. 294, 32 S. W. 952; *Scottish U. & N. Ins. Co. v. Herriott,* 109 Iowa, 606, 80 N. W. 665, 77 Am. St. Rep. 548.) The character, kind and amount of business done by the company, as well as the situs of its tangible property, may be considered in applying the various systems of taxation.

The franchise of a corporation is granted by the jurisdiction where the company is incorporated, and its situs is in the state or country of its origin; but before the company can do business in this state it must comply with the terms of the statute relating thereto, and upon such compliance a certificate of authority is issued to it. It then stands, under this law, on the same footing with domestic companies, and is subject to the same taxation on the same class of property. This certificate of authority issued to a foreign insurance company confers upon such company a privilege or right not possessed or en-

joyed by·citizens generally, and not conferred upon it by its original franchise. This right or privilege so conferred is in that sense a franchise, and by it the company is authorized to establish, conduct, and maintain an insurance business, the value of which is ascertained in the manner prescribed by statute; that is, "the excess of premiums over losses and ordinary expenses incurred." It applies only to business transacted within the state, and is not objectionable as interfering with interstate commerce. " 'Business done within this state' cannot be made to mean business done between that state and other states." (*Pacific Express Co.* v. *Seibert,* 142 U. S. 339, 12 Sup. Ct. 250, 35 L. Ed. 1035.) The situs of the business done is therefore·within the state. Though the company may transact a large business, yet the expenses and losses may equal or exceed the amount received. In that event the company pays no taxes. The method adopted by the statute of ascertaining the value of the privilege or right granted to the company is eminently a fair one, for the reason that it seeks to make only the net proceeds or profits the measure of value; and the taxes imposed by this statute are not a fixed or arbitrary amount, but are determined at the same rate that all other personal property is taxed.

Judge Cooley, in considering the subject of taxing business and privileges, says: "And what is true of property is true of privileges and occupations also; the state may tax all, or it may select for taxation certain classes." (Cooley on taxation, 2d. Ed., page 570.) Further on he says: "Taxes. which are most customary are: (1) On the privilege of carrying on the business. (2) On the amount of business done. (3) On the gross profits of the business. (4) On the net profits or profits divided. * * * It has been seen that it is no conclusive objection to any such tax that it duplicates the burden to the person who pays it. To tax a merchant upon his stock as property, and also upon his gross sales, may seem burdensome; but it is not unconstitutional, when the people have not seen fit expressly to forbid it. The

two taxes are not identical, and, though it may operate unjustly in individual cases to impose both, such will not be a necessary result." (Cooley on Taxation, 2d Ed., page 571.) Again we find this language: "But license and tax do not necessarily go together; a license may be required when no tax is imposed, and an unconditional license does not exempt the licensee from being taxed upon the privilege it gives him. In this particular all valuable privileges stand upon the same footing; they are all liable to taxation at the will of the state, unless the state has bargained to exempt them. As is said in one case: 'There is a clear distinction recognized between a license granted or required as a condition precedent before a certain thing can be done, and a tax assessed on the business which that license may authorize one to engage in.'  *  *  *  The privilege obtained by the license may therefore be taxed in consideration of the property value it possesses." (Cooley on Taxation, 2d Ed., page 573.)

The nature of the business transacted by an insurance company does not require it to have any tangible property within the state on the first Monday in March of each year, when property becomes liable for taxation. Yet its business is here; it owns or possesses the privilege of doing that business within this state; and under the provisions of Section 681, *supra,* the business transacted must result in a profit to the company before taxes can be levied. If the privilege granted, which has the force and effect of a franchise, and is therefore property under the constitution, proves to be valuable, it is a proper subject for taxation within the meaning of Article XII of the State Constitution. Whether this is regarded as a tax upon the value of the franchise right of the company to do business in this state, measured by the net income, or as a tax on the business established and done, regarded as property separate from the money received as premiums, the value of which is measured by the same standard, is immaterial. The tax remains the same.

The Act of March 4, 1897 (Sess. Laws 1897, p. 76), is a general license law, relating to insurance companies, both do-

mestic and foreign, and applies to all classes and kinds of insurance. The fee therein required must be paid prior to the transaction of any business. It is a fixed sum, varying in amount only at the will of the company as to the amount of premiums it asks permission to collect, is not diminished by reason of losses paid or expenses incurred, and a violation of the Act is punishable by fine and imprisonment. This Act does not in express terms repeal Section 681, or that part of said section under which this tax is levied, and it is so dissimilar in its requirements that no repeal by implication can be inferred. These considerations lead to the conclusion that the legislature of the state has an undoubted right to provide for the assessment and taxation of insurance companies as provided in Section 681 of the Civil Code, and that that part of said section relating to such assessment is not repealed by any subsequent enactment.

As supporting or discussing the general views herein expressed, we cite the following authorities: Cooley on Taxation, 2d Ed., 570 *et seq.; Southern Building & Loan Association* v. *Norman,* 98 Ky. 294, 32 S. W. 952; *Scottish U. & N. Insurance Co.* v. *Herriott,* 109 Iowa, 606, 80 N. W. 665, 77 Am. St. Rep. 548; *Porter et al.* v. *Rock Island, etc. Railroad Co.,* 76 Ill. 561; *People* v. *Equitable Trust Co.,* 96 N. Y. 387; *People* v. *Home Insurance Co.,* 92 N. Y. 328; *Western Union Tel. Co.* v. *State Board of Assessment,* 80 Ala. 273, 60 Am. Rep. 99; *U. S. Express Co.* v. *Ellyson et al.,* 28 Iowa, 370; *Insurance Co. of North America* v. *Commonwealth,* 87 Pa. 173, 30 Am. Rep. 352; *Kittanning Coal Co.* v. *Commonwealth,* 79 Pa. 100; *Connecticut Mutual Life Ins. Co.* v. *Commonwealth,* 133 Mass. 161.

4. It is next contended that Section 681 is in conflict with the state Constitution, and is therefore void. In investigating the history of the law for the discovery, if possible, by both intrinsic and extrinsic evidence, the intent of the legislature in enacting this section, we find that the section is practically the same as the first half of Section 37 of the Act of 1883 (Sess.

Laws 1883, p. 83), and is incorporated in the Compiled Statutes of 1887 as Section 600, Fifth Division. The Act of 1883 was amended in 1885 (Sess. Laws 1885, p. 87), and was repealed in 1887 by Council Bill No. 33, approved March 10, 1887; the section enacted in lieu of Section 37 being Section 1676, Fifth Division, Compiled Statutes of 1887. At the extraordinary session of 1887 all of "C. B. No. 33" was repealed by House Bill No. 2, approved September 14, 1887. (Extr. Sess. Laws 1887, p. 82.) "C. B. No. 33," although entirely repealed by the Act of September 14, 1887, is included in the Compiled Statutes of 1887 as Sections 1665 to 1789, both inclusive. Section 681, *supra,* was not an existing law at the time of the adoption of the Code, within the meaning of Section 4653 of the Civil Code, and was not law until made so by the adoption of the Codes in 1895. It must therefore be construed as an original Act of the legislature of that year.

Section 7 of Article XII of the Constitution provides, among other things, that "the power to tax corporations or corporate property shall never be relinquished or suspended." The evident meaning of this constitutional provision is that the property of corporations shall bear its equal share of the burdens of taxation, and that the provisions of Section 1 of this Article of the Constitution, that the legislature "shall prescribe such regulations as shall secure a just valuation for taxation of all property," applies to artificial as well as to natural persons. Said Section 681, after providing for the taxation of insurance companies on the excess of premiums over losses and expenses, contains another sentence which reads: "Insurance companies and corporations are subject to no other taxation under the laws of this state, except taxes on real estate and the fees imposed by law." Under this latter provision an insurance company may be the owner of a vast amount of personal property situated within this state, on which it cannot be taxed, because the same cannot be classified under the head of "excess premiums," whether the term "excess premiums" means surplus money or the value of the company's franchise or business regarded as

property. This part of the section is so directly in contravention of the provisions of the Constitution above quoted that further comment is unnecessary. Such statutes have been held void under similar constitutional provisions in the following cases: *State ex rel. Cornell* v. *Poynter,* 59 Neb. 417, 81 N. W. 431; *Hawkeye Ins. Co.* v. *French,* 109 Iowa, 585, 80 N. W. 660; *People* v. *McCreery,* 34 Cal. 432; *People* v. *Whyler,* 41 Cal. 351.

The remaining part of this section is not invalid, as conflicting with the organic law, unless made so by the unconstitutionality of the clause above considered. The effect of the conclusion reached with reference to the exemption clause of this section upon the section as a whole, and the chapter of which it is a part, remains to be considered. "When the valid and invalid portions of the legislative enactment are capable of being separated, and the valid part is a complete act, and not dependent upon that which is void, the latter alone will be rejected, and the rest sustained, if it is manifest that the void part was not an inducement to the legislature to pass the part which is valid; but if it is manifest, from an inspection of the law itself, that the invalid portion formed an inducement to its passage, the entire act will fall." This rule of construction has been so long recognized and so universally applied that it is now regarded as elementary law. (*State ex rel. Cornell* v. *Poynter,* 59 Neb. 417, 81 N. W. 431; *Warren* v. *Mayor, etc. of Charlestown,* 2 Gray, 84; *Pollock* v. *Farmers' Loan & Trust Co.,* 158 U. S. 601, 15 Sup. Ct. 912, 39 L. Ed. 1108.) In the application of this rule, however, the court must take into consideration the various provisions of the organic law of the land where the statute is sought to be enforced.

The Constitution prescribes the duties of the various co-ordinate departments of the state government. Each department is supreme within its proper sphere, and is subordinate only to the provisions of the organic act, which the people have adopted as the fundamental law, and the laws enacted in pursuance thereof. To the legislative department is delegated the

duty of providing the necessary revenue for the support of the state; and it is provided that the legislature *shall* provide this revenue, *shall* levy a uniform rate of taxation, *shall* prescribe such regulations as shall secure a just valuation of *all* property unless otherwise provided (Section 1, Art. XII, Const.), that the power to tax corporations and corporate property shall never be relinquished or suspended (Section 7, Art. XII), and taxes shall be uniform upon the same class of subjects (Section 11, Art. XII). These provisions of the Constitution are mandatory. (Section 29, Art. III.) It was the plain duty of the legislature to provide for the assessment and taxation of all the property of corporations situated within this state, as the word "property" is defined by the Constitution itself. (Section 17, Art. XII.)

The first part of this section (681) is a complete enactment within itself, without reference to the second part, and does not depend for its validity upon the second part, unless that was the inducement or compensation for the enactment of the first part of the section. In the enactment of the first part of this section the legislature provided for the taxation of a certain class of property, and provided a method of ascertaining its value. This was in accordance with constitutional provisions. In the last part of the section the legislautre exempted certain other property from taxation. This was in contravention of constitutional provisions. Can this disregard of the Constitution in the one instance be a sufficient inducement and compensation to render invalid and unconstitutional the obedience to the Constitution in the other instance? Can a duty properly performed and completed with reference to one class of property be invalidated by a disregard of duty with reference to another class of property belonging to the same individual? If the matter of taxation were solely one of legislative discretion, not controlled as to duty of action and uniformity of levy and assessment by constitutional provisions, an exemption of one class or item of property might have the effect of an "inducement" or "compensation" for the taxation of another class or item, with-

out which "inducement" or "compensation" the law would not have been enacted at all. But here the fundamental law of the state commands action as to all property. The legislative inducement to this action is the constitutional command requiring it, and the necessity of providing a revenue for the support and maintenance of the state. The legislative compensation is duty performed and the protection and support of the state. The consent of the taxpayer is not necessary to the validity of a revenue law. The inducement or compensation which actuates him to pay the tax does not rest upon the exemption of a part of his property from taxation. That which induces the individual to pay taxes is not only his sense of duty, but the further fact that the law compels him to pay it. His compensation is the protection he receives from the state, which the tax he pays helps to support.

One of the cases chiefly relied upon by respondent is *State ex rel. Cornell* v. *Poynter,* 59 Neb. 417, 81 N. W. 431. In this case the Supreme Court of Nebraska had under consideration the constitutionality of an Act of the legislature providing for the organization, incorporation and taxing of insurance companies, and for their admission from other states. Sections 36 and 37 of the Act were the only ones which provided for the payment of taxes, filing fees, and licenses by the corporations. These sections contained provisions similar to that found in the exemption clause of Section 681 of our Civil Code; but an examination of this Act of the Nebraska legislature will disclose the fact that its termes are somewhat different from that of the section of the Civil Code now under consideration. The court, in passing upon the case, says: "Section 36, Chapter 47, Session Laws 1899, provides that each domestic insurance company organized under said law shall be taxed upon the excess of premiums over losses and ordinary expenses incurred in the state during the preceding year, in the county where the agent conducts the business, properly apportioned by the company, at the same rate other personalty is taxed, and that the fees and taxes specified in said section shall be in lieu of all fees and

taxes, excepting those upon real estate and other taxes provided in the general revenue law; while by Section 37  *  *  * every other state insurance company shall pay certain fees, and in addition two per cent. of their gross premiums, into the state treasury, and that the same 'shall be in full of all fees and taxes, except taxes on real estate, which may be imposed by any county, municipality or the state.' By these two sections all insurance companies are not taxed alike." The court then holds that Sections 36 and 37 are unconstitutional, for the reason that they exempt property from taxation, and for the further reason that they violate the uniformity clause of the Nebraska constitution with reference to taxation. The court further holds that the entire Act of which these sections are a part is void, for the reason "it requires no argument to demonstrate that Chapter 47 of the Laws of 1899 would not have received the approval of the Legislature, had it not contained any proprovision for the payment of fees and taxes by the insurance companies; and it is equally plain that the same amount of fees and taxes imposed by Sections 36 and 37, and the requirement that the same should be paid into the state treasury, would not have been incorporated into the law, had the unconstitutional provisions exempting insurance companies from taxation been eliminated from the bill."

It will be noticed that this Nebraska statute provided in part for the payment of a fixed sum to be levied and paid, without reference to the value of the companies' business, that it provided for the levy of taxes which were unequal between the two classes of insurance companies, that it also provided for the filing fees to be paid by the companies and for the payment of license by the companies, and that the provisions respecting all these various taxes and fees were so united as to constitute an entity; and the court therefore held that the entire sections were void, and that the Act of which they were a part must necessarily be void, for the reason that it was apparent that the legislature did not intend to wholly exempt insurance companies from the payment of taxes. In the section of the law now

before us there is no commingling of different systems of taxation, nor is there any fixed or arbitrary amount of taxes named. The uniformity clause of the Constitution is not violated.

In *Slauson et al.* v. *City of Racine,* 13 Wis. 398, certain lands were annexed to the city of Racine under a provision that they should be exempt from a certain tax; and the court held that this exemption was void, and that, it appearing that that was the condition on which the lands were annexed to the city, the entire Act providing for their annexation was void.

The exemption in this case was clearly an inducement to the parties owning the lands to permit them to be brought within a jurisdiction, and make them subject to ordinances, regulations and burdens which they did not bear before.

In *State* v. *Duluth Gas & Water Co.,* 76 Minn. 96, 78 N. W. 1032, 57 L. R. A. 63, the court, in considering a statute providing for the listing and assessing for taxation of franchises and other intangible property of certain corporations, held that the provision of the section deducting the total amount of indebtedness of a corporation from the value of its stock was unconstitutional and void, but that the same did not invalidate the remaining part of the Act. The court says, in part: "Again, while it cannot be denied that the legislature intended the provision for deducting the indebtedness from the value of the capital stock to be a part of the system of listing and assessing the property of these corporations, * * * yet this provision is easily separable from other provisions of this section. What would remain would constitute a complete system of taxation, fully capable of being executed in accordance with what we think was the apparent legislative intent. The fact that this void provision is in the same section with other provisions is not important, for the distribution into sections is purely arbitrary. The test is, rather, whether the provisions are so essentially and inseparably connected and interdependent that the one may not operate without the other, or that it is impossible to suppose that the legislature would have passed the one without the other. There is no such essential and inseparable connection

or interpendency in this case. The other provisions will operate, and can be executed, with this invalid provision stricken out. Neither is there anything to justify a court in holding that the legislature would not have enacted the statute with this obnoxious provision omitted. The evident intention was to reach for taxation the franchises and other intangible property of these corporations and associations as effectually and completely as possible."

We also cite the following cases where revenue laws have been held valid after the unconstitutional provisions attempting to exempt certain property from taxation were eliminated: *People* v. *McCreery,* 34 Cal. 432; *People* v. *Whyler,* 41 Cal. 351; *City of Dubuque* v. *C. D. & M. R. Co.,* 47 Iowa, 216.

It is a fundamental rule that a reasonable doubt as to the constitutionality of a statute will be resolved in favor of its validity, and that the judiciary will not declare an Act of the legislature unconstitutional unless it is clear that such Act is inhibited by the fundamental law. (*University of California* v. *Bernard,* 57 Cal. 612; *Young* v. *City,* 24 Utah, 321, 67 Pac. 1066; *State ex rel. Cornell* v. *Poynter, supra; Western Ranches* v. *Custer County,* 28 Mont. 278, 72 Pac. 659.) This section was incorporated in the general codification of the laws adopted in 1895, and it is reasonable to infer that it did not receive that specific consideration it would have received, had it been a part of a separate bill. Certainly no inference can be entertained that the legislature intended to enact a provision inhibited by the Constitution, nor can it be maintained that an excessive tax has been imposed or levied on one class of property as an inducement for the exemption of another class, for the reason that no such authority is given or recognized by the Constitution, and for the further reason that in this case no excessive tax is imposed or levied. This property is taxed "at the same rate that other personal property is taxed." The conclusion reached is that the part of Section 681 of the Civil Code providing for a tax "upon the excess of premiums received over losses and ordinary expenses incurred within the state" is not

rendered inapplicable to foreign mutual life insurance companies, unconstitutional, nor void, by reason of the unconstitutionality of that part of the same section exempting other property from taxation.

The other queries enumerated in the transcript are not discussed in the briefs, and are not noticed therein, except to be waived by appellant by reason of the decision in *Mutual Life Insurance Co.* v. *Martien,* 27 Mont. 437, 71 Pac. 470, decided since the commencement of this action.

The county of Lewis and Clarke being made the party defendant by stipulation, we have assumed, without deciding, that it is the proper party against whom the action should have been brought.

Under the views herein expressed, we are of the opinion that, omitting the last sentence, Section 681 of the Civil Code is constitutional, has not been repealed, and does apply to foreign mutual life insurance companies doing business in this state. But the right to enforce the collection of this tax *at the time* this suit was commenced was dependent on the authority conferred by Section 3940 of the Political Code; and, as this section has been declared unconstitutional in the case above cited, it follows that there was no authority vested in any officer or party in the county where the suit was instituted to collect this tax *at that time,* and that under the agreed case the plaintiff was entitled to a judgment in its favor for its costs.

We recommend that the cause be remanded, with directions to the district court to modify the judgment in accordance with the views herein expressed, and, when so modified, that it be affirmed.

Per Curiam.—For the reasons given in the foregoing opinion, it is ordered that this cause be remanded to the district court, with directions to enter judgment in accordance with the views therein expressed, and, upon the entry of the judgment as modified, the judgment appealed from be affirmed.

Mr. Justice Milburn:   I concur; but I do not agree with all that is said as to the intention of the legislature at the time it passed the said Section 681.   I am not convinced that the legislature was not induced to put the income tax provided for in said section upon the companies in consideration of their being made "subject to no other taxation under the laws of this state, except taxes on real estate and the fees imposed by law." I am in doubt, and I think reasonable, as to whether the unconstitutional sentence was the inducement for the taxing of the income; that is, "the excess of premiums received over losses and ordinary expenses," etc.   Having such a doubt, I do not hold the statute unconstitutional.   (*Young* v. *Salt Lake City,* 24 Utah, 321, 67 Pac. 1066, citing many cases; *People ex rel. Robertson* v. *Van Gaskin,* 5 Mont. 352, 6 Pac. 30.)

Rehearing denied October 9, 1903.