MONTANA MILK CONTROL BOARD, Plaintiff and Appellant, v. MARTIN MAIER, Doing Business as Miners Dairy, Defendant and Respondent.

No. 10222.

Submitted September 19, 1961. Decided November 29, 1961.

Rehearing Denied January 9, 1962.

367 P.2d 305.

Geoffrey L. Brazier, Helena, argued orally for appellant.
George P. Sarsfield, Butte, argued orally for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

Appeal from a judgment entered pursuant to an order of the district court of Silver Bow County sustaining a general demurrer to the plaintiff's amended complaint.

The Montana Milk Control Board, the plaintiff in the district court and the appellant here, filed a complaint against Martin Maier doing business as the Miners Dairy engaged in the business of purchasing and distributing fluid milk within a Montana Milk Control area. The amended complaint alleges that during the period December 23, 1943, until July 1, 1959, the respondent complied with the laws concerning the administrative Milk Control Board and all of the official orders of the Board until January 1, 1958. From January 1, 1958, to July 1, 1959, the respondent refused to pay license and assessment fees imposed upon him by the appellant Board though he continued to operate the Miners Dairy until its sale on July 1, 1960.

Complaint set forth the sum of $449.84 as due with interest at the rate of six percent until paid. The errors assigned for reversal are as follows:

1. In sustaining the respondent's general demurrer.

2. In denying the appellant's right to a civil suit in debt to enforce the payment of past due license fees and assessments.

3. In sustaining a judgment in favor of the respondent and against the appellant.

4. In dissolving the writ of attachment.

The Constitution of this state, Article XII, § 1, authorizes the Legislature to impose a license fee, and this court has

held many times that it was not the intention of that provision to differentiate between the license tax, strictly so-called, and the license fee extracted in the regulatory matters, but that it was the purpose to refer the general subject of licenses to the Legislature. See State v. Camp Sing. 18 Mont. 128, 44 P. 516, 32 L.R.A. 635; Northwestern Mutual Life Ins. Co. v. Lewis & Clark County, 28 Mont. 484, 72 P. 982; State v. McKinney, 29 Mont. 375, 74 P. 1095; Quong Wing v. Kirkendall, 39 Mont. 64, 101 P. 250; State ex rel. Carter v. Kall, 53 Mont. 162, 162 P. 385.

The Montana Milk Control Act was passed and approved March 17, 1939, Chapter 204, Sections 27-401 through 27-425, R.C.M.1947. This Act remained unamended for eighteen years until the Legislative Session of 1957 when an amendment was passed changing the composition of the Board. Chapter 249, Section 27-404, R.C.M.1947, Laws of 1957. Two years later the Thirty-sixth Legislative Assembly of 1959, Chapter 192, Sections 27-403, 27-404, 27-405, 27-406, 27-407, 27-409, 27-410, 27-414, 27-416, made fundamental changes in the original Act but did not change the original Act's declaration of policy relating to milk. Section 27-401, R.C.M.1947. It should be noted that the period involved here from January 1, 1958, to July 1, 1960, covers both the old Act and the new amended Act of 1959 which was approved and effective on March 9, 1959.

Section 27-406, R.C.M.1947, empowers the Board to establish milk market areas within the State of Montana. Such an area was established by order number 75 by the Milk Control Board, encompassed the City of Butte and extended three miles in every direction. Order number 75 was dated September 1, 1943, and was in full operation and effect at the time of the violation alleged in the amended complaint herein and as previously noted the respondent has conducted his milk business under said order for the entire time that he was in the milk business in Silver Bow County.

The Legislature authorized collection of license fees by the

state, the appellant Board by several methods. Under Section 27-411, R.C.M.1947, appellant could at any time after the notice and the hearing have revoked or suspended the respondent's license to do business. Under the provisions of Section 27-422, R.C.M.1947, it could have filed a misdemeanor and upon conviction could have cost the respondent up to $600 per day for each day that he was in violation for not having had a license. In this respect it is interesting to note that in this case had the appellant Board pursued this course of remedy and the maximum fines had been recovered for the period of 450 days of violation, the respondent would have had to have paid $276,000 in fines. However, the Board did not put the respondent out of business by using the provisions of section 27-411, supra, nor did it subject Mr. Maier to the penal provisions of the law, rather it chose to pursue the third procedure authorized by the Legislature. This collection provision which is contained in section 27-424, R.C.M.1947, reads: *"Additional remedies.* The board or its authorized agent may institute such action at law or in equity as may appear necessary to enforce compliance with any provision of this act or to enforce compliance with any order, rule or regulation, of the board pursuant to the provisions of this act or to obtain a judicial interpretation of any of the foregoing, and in addition to any other remedy, the board, after unanimous consent of all members of the board, may apply to the district court of the district wherein the action arises, for relief by injunction, mandamus or any other appropriate remedy in equity without being compelled to allege or prove that an adequate remedy at law does not otherwise exist, nor shall the board be required to give or post bond in any action to which it is a party whether upon appeal or otherwise. All legal actions may be brought by or against the board in the name of the Montana milk control board and it shall not be necessary in any action to which the board is a party that such action be brought by or against the State of Montana on relation of the Montana milk control board. The board shall

have the power to institute action by its own attorney or counsellor, but it shall have the right, if it deems advisable, to call upon any county attorney to represent it in the district court, of the county in which the action is taken, or the attorney general to represent it on appeal to the supreme court of Montana, or it may associate its own counsellor with either in any court."

■ Civil suit by a state board is not novel in this state. State v. Yale Oil Corporation of South Dakota, 88 Mont. 506, 295 P. 255. The Legislature having authorized the appellant Board three methods of enforcing its order in collecting its license and assessments, the Board having complied with the provisions of section 27-424, supra, its complaint stated a cause of action and the court erred in sustaining the general demurrer to the amended complaint.

■ Respondent herein attempts to mitigate or excuse his failure to pay the license fee and assessments by setting forth the fact that on March 21, 1958, in the district court of the second judicial district in and for the County of Silver Bow, sections 27-405, 27-406 and 27-407 were declared unconstitutional in Appeal No. 9929, Montana Milk Control Bd. v. Kessler Dairy, Inc. We find this argument without merit. The sections referred to were amended by the 1959 Legislature and as a result of said amendments the appeal in question, Montana Milk Control Bd. v. Kessler Dairy, Inc., was dismissed as being moot.

■ Nor do we find counsel's argument that the 1959 action of the Legislature failed to provide a savings clause to cover this period March 17, 1959—July 1, 1960. We find this argument without merit.

This court said in State v. Yale Oil Corporation of South Dakota, supra, 88 Mont. 506, 513, 295 P. 255, 257:

"The true rule, in this state, is that, where a section or a part of a statute is amended, it is not to be considered as repealed and enacted in its new form. The portions which are not amend-

ed are considered to have been in force from the time of the first enactment.'' See section 43-510, R.C.M.1947.

Counsel for respondent and for the appellant, both in their briefs and in oral argument, asked the court to pass on the constitutionality of the Montana Milk Control Act. Under prior decisions of this court an attack on the constitutionality must be direct. In State ex rel. Anderson v. State Board of Equalization, 133 Mont. 8, 19, 319 P.2d 221, 227, the court said:

''One relying on the unconstitutionality of a statute should raise that question at the earliest opportunity, and it should appear affirmatively from the pleadings and the record that they have relied and continue to rely upon such defense. Vague assertions that a statute is arbitrary are insufficient to sustain any constitutional arguments. The express constitutional provision violated should be clearly set out and the arguments relied upon concisely stated.'' See also 16 C.J.S. Constitutional Law § 96, pp. 331-332.

The amended complaint having stated a cause of action the district court erred in sustaining the demurrer. Judgment of district court is reversed for further proceedings.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and CASTLES concur.